UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR KARL T. LIMPIN, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Case No.: 17-CV-1729-JLS (WVG) **ORDER: (1) GRANTING PLAINTIFF LIMPIN'S MOTION TO PROCEED IFP; (2) DISMISSING PLAINTIFFS MENDOZA AND AGUSTIN WITHOUT PREJUDICE; (3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE; (4) DENYING MOTION FOR PRELIMINARY INJUNCTION; AND (5) DENYING MOTION FOR CLASS CERTIFICATION** (ECF Nos. 2, 3, 4, 5, 6) |

Presently before the Court are Plaintiff Melchor Karl T. Limpin's Motion to Proceed *In Forma Pauperis* ("IFP"), (ECF No. 2); Plaintiff Froilan Q. Mendoza's Motion to Proceed IFP, (ECF No. 3); Plaintiff Jayson San Agustin's Motion to Proceed IFP, (ECF No. 4); Plaintiffs' Motion for Preliminary Injunction, (ECF No. 5); and Plaintiffs' Motion for Class Certification and Appointment of Class Counsel, (ECF No. 6). Having considered the pending Motions and the law, the Court rules as follows.

**IFP MOTIONS**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff Limpin submitted an affidavit indicating his total monthly income is $1,362 (from Social Security Administration disability and food stamps), he is not employed, is disabled, and his total monthly expenses are $1,331.60. (ECF No. 2.) Plaintiff indicates he has no assets and has $8.92 in his bank account. (*Id.* at 2–3.) Given the foregoing, the Court concludes that Plaintiff's application demonstrates he is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff Limpin's Motion to Proceed IFP, (ECF No. 2).

Plaintiffs Mendoza and Agustin also filed Motions to Proceed IFP, (ECF Nos. 3, 4). All three Plaintiffs are proceeding pro se and Plaintiff Agustin is currently incarcerated. Although all three Plaintiffs signed the Complaint, Mr. Limpin is the first Plaintiff listed on the Complaint. A plaintiff acting pro se cannot represent others. *See Johns v. Cty. of San Diego,* 114 F.3d 874, 876 (9th Cir. 1997); *Russell v. United States,* 308 F.2d 78, 79 (9th Cir.1962) ("[A] litigant appearing in propria persona has no authority to represent anyone other than himself."). Thus, Mr. Limpin cannot represent his co-Plaintiffs. Plaintiffs Mendoza and Agustin are **DISMISSED** as Plaintiffs from this action. This dismissal is without prejudice so they may file their own individual pro se actions.[1] The Court also **DISMISSES AS MOOT** Plaintiffs Mendoza and Agustin's IFP Motions, (ECF

---

[1] *See Ramirez v. Arpaio*, No. CV 13-2225-PHX-ROS (JFM), 2014 WL 11321401, at *1 (D. Ariz. Apr. 4, 2014) (denying motion to add co-plaintiffs, reasoning management of pro se multi-plaintiff litigation "presents significant burdens to both the parties and the Court[,]" especially when the plaintiffs are incarcerated); *Axtle v. Cty. of Alameda*, No. C 12-6404 YGR (PR), 2013 WL 5979201, at *2 (N.D. Cal. Nov. 8, 2013) (holding "this pro se action [may not] proceed as to any plaintiff other than the lead plaintiff" and dismissing the co-plaintiffs).

Nos. 3, 4). The Clerk **SHALL** return these documents to each respective co-Plaintiff along with a copy of this Order.

Similarly, Plaintiffs' Motion for Class Certification, (ECF No. 6), is **DENIED**. *See Rudgayzer v. Yahoo! Inc.*, No. 5:12-CV-01399 EJD, 2012 WL 5471149, at *11 (N.D. Cal. Nov. 9, 2012) (noting that "[c]ourts have generally concluded that a purported class representative who proceeds pro se violates [Rule 23's] test of adequacy of representation; in other words, a pro se plaintiff cannot represent a class in a class action"). Plaintiff Limpin is limited to asserting claims for violations of his own rights and may not litigate claims on behalf of others. The Court therefore proceeds with its analysis with Mr. Limpin as the only Plaintiff in this matter.

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). "While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). In addition, the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). It may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, Plaintiff challenges the constitutionality of 8 U.S.C. § 1226(c)(1)(B) and (C). This statute authorizes the Attorney General to take into custody any alien who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title" or "is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence [sic] to a term of imprisonment of at least 1 year." 8 U.S.C. § 1226(c)(1)(B) & (C).[2] Plaintiff states he was seized and detained by the United States Department of Homeland Security Immigration and Customs Enforcement ("ICE") pursuant to this

---

[2] The applicable criminal offenses under section 1227(a)(2)(A) are: (i) Crimes of moral turpitude; (ii) Multiple criminal convictions; and (iii) Aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(i)–(iii).

statute. ("Compl.," ECF No. 1, at 1.) Plaintiffs alleges section 1226 does not "rise as probable cause to re-seize a person under the Fourth amendment for it is a civil matter, and if it rises as probable cause, it is unlawful for probable cause to seize person [sic], for it discriminates suspect classification [sic] based on alienage." (*Id.* at 2.) Plaintiff also alleges the statute discriminates under the Equal Protection Clause and violates the Supremacy Clause. (*Id.* at 3, 5.) Plaintiff also brings a cause of action under the Federal Tort Claims Act. (*Id.* at 19.)

The Court finds Plaintiff's pleading sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Habtegaber v. Jenifer*, 213 F. Supp. 2d 792 (E.D. Mich. 2002) (holding 8 U.S.C. § 1226(c) to be unconstitutional as violating petitioner's right to substantive due process under the Fifth Amendment). *But see Denore v. Kim*, 538 U.S. 510, 531 (2003) (detaining a deportable criminal alien for a brief period necessary for his removal proceedings, without providing an individualized determination as to whether the alien presented flight risks, did not violate his due process rights); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 235 (3d Cir. 2011) (distinguishing *Denmore* and holding it was unconstitutional to detain petitioner for nearly three years under the authority granted by Congress in § 1226(c)). Plaintiff is cautioned, however, that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007)

Accordingly, Plaintiff is entitled to U.S. Marshal service on his behalf. 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

\ \ \

\ \ \

# MOTION FOR PRELIMINARY INUNCTION

Plaintiff requests a preliminary injunction "enjoining the Defendant through its agents acting within its scope of employment from seizing proposed class members in the state of California under 8 U.S.C. § 1226(c)(1)(B) and (C)." ("Injunction MTN," ECF No. 5, at 2.)

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g.*, *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234–35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727–28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)–(C).

Substantively, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

First, Plaintiff has not adequately effectuated service. Although Plaintiff has declared he served his Complaint and Motions on the U.S. Attorney's Office, (*see* ECF No. 1-2), Rule 4(i) of the Federal Rules of Civil Procedure requires that, in order to properly serve the United States or its agencies, corporations, or officers, a plaintiff must deliver a copy of the summons and the complaint to the U.S. Attorney's Office for the district in

which the action is brought, as well as to the Attorney General of the United States. Therefore, the Court cannot grant Plaintiffs injunctive relief because it has no personal jurisdiction over Defendant at this time. *See* Fed. R. Civ. P. 65(a)(1), (d)(2); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

Further, even if the Complaint and Motions had been adequately served, Plaintiff has not alleged, and cannot yet demonstrate that he is or will be subject to immediate and irreparable harm if an injunction is not issued. To meet Federal Rule of Civil Procedure 65's "irreparable injury" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). This requires he allege "specific facts in an affidavit or a verified complaint [which] clearly show" a credible threat of "immediate and irreparable injury, loss or damage." Fed R. Civ. P. 65(b)(1)(A). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Baldridge*, 844 F.2d at 674–75. Plaintiff claims he was seized by an ICE agent and placed in immigration custody, but was released on September 11, 2016. (Injunction MTN 6.) Plaintiff claims if an injunction is not granted, he will continue to suffer irreparable injury to his fundamental rights and "will be caged, detached from U.S. family loved ones, [and face] loss of income to feed [his] famil[y], loss of place of abode, and loss of enjoyment of life." (*Id.* at 13.) This speculative claim Plaintiff alleges is insufficient to demonstrate irreparable injury.

Thus, the Court **DENIES** the Motion for Preliminary Injunction, (ECF No. 5), and finds Plaintiff is not entitled to the extraordinary injunctive relief he seeks. *See Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964) ("The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it.").

\ \ \

\ \ \

7

17-CV-1729-JLS (WVG)

# ORDERS AND CONCLUSION

Good cause appearing, the Court:

1. **GRANTS** Plaintiff Limpin's Motion to Proceed IFP, (ECF No. 2);
2. **DISMISSES WITHOUT PREJUDICE** Plaintiffs Mendoza and Agustin as Plaintiffs;
3. **DISMISSES AS MOOT** Plaintiffs Mendoza and Agustin's Motions to Proceed IFP, (ECF Nos. 3, 4);
4. **DENIES** Plaintiff's Motion for Class Certification and Appointment of Class Counsel, (ECF No. 6);
5. **DENIES** Plaintiff's Motion for Preliminary Injunction, (ECF No. 5);
6. **DIRECTS** the Clerk of Court to issue a summons as to Plaintiff's Complaint, (ECF No. 1), upon Defendant and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant. In addition, the Court **DIRECTS** the Clerk to provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, (ECF No. 1), and a summons so that he may serve the Defendant. Once he receives this "IFP Package," Plaintiff is **ORDERED** to complete the Form 285 as completely and accurately as possible, include an address where Defendant may be found and/or subject to service pursuant to Civil Local Rule 4.1(c), and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.
7. **ORDERS** the U.S. Marshal, upon receipt of Plaintiff's completed USM Form 285, to timely serve a copy of Plaintiff's Complaint and summons upon Defendant as directed by Plaintiff. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).
8. **ORDERS** Defendant, once it has been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined

in any jail, prison, or other correctional facility under section 1983[,]" once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that the plaintiff has a "reasonable opportunity to prevail on the merits[,]" the defendant is required to respond).

9. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration. Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant, or counsel for Defendant, and the date of that service. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant may be disregarded.

**IT IS SO ORDERED.**

Dated: October 26, 2017

Hon. Janis L. Sammartino
United States District Judge