UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR KARL T. LIMPIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No.: 17-CV-1729-JLS (WVG) <br><br> **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** <br><br> (ECF No. 18) |

Presently before the Court is Plaintiff Melchor Karl T. Limpin's Motion Requesting Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1), ("MTN," ECF No. 18).

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have the discretion to appoint counsel for indigent persons. This discretion, however, may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In support of his request for counsel, Plaintiff reiterates the allegations of his Complaint. (*See generally* MTN.) Plaintiff asserts he will likely prevail on the merits of

his claims for various reasons. (*Id.* at 4.) He asserts he requires counsel "for the complexity of legal issues involved in this suit such as pursuing preliminary and declaratory relief injunction[s]." (*Id.* at 6.) He also alleges this case requires development of further facts and he cannot do this easily given his pro se and indigent status. (*Id.* at 8.)

The Court finds Plaintiff has not satisfied the standards for appointment of counsel under 28 U.S.C. § 1915(e)(1). First, Plaintiff's success on the merits is still unclear at the early stage of litigation. Defendant has filed a motion to dismiss Plaintiff's complaint; this motion has not yet been opposed nor ruled upon, thus, the Court cannot at this time determine Plaintiff's likelihood of success on the merits. Second, in the present Motion, Plaintiff demonstrates his ability to articulate his claims. Plaintiff provides an in-depth analysis of legal authority that he believes support his allegations. Plaintiff has also successfully filed a Complaint (along with various accompanying motions), has been granted permission to proceed in forma pauperis, and has even filed a petition for permission to appeal this Court's order denying class action certification. (*See* ECF Nos. 9, 13.)

The Court finds that neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time and **DENIES** Plaintiff's motion. This denial is **WITHOUT PREJUDICE** should Plaintiff later be able to make the requisite showing of exceptional circumstances.

**IT IS SO ORDERED.**

Dated: January 26, 2018

Hon. Janis L. Sammartino
United States District Judge

2

17-CV-1729-JLS (WVG)