UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR KARL T. LIMPIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br>　　　　　　　　　　Defendant. | Case No.: 17-CV-1729-JLS (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 15) |

Presently before the Court is Defendant United States of America's Motion to Dismiss, ("MTD," ECF No. 15). Plaintiff has filed a "Traverse . . . Pursuant to Rule 12(a)(1)(C)," which the Court construes as an Opposition to Defendant's Motion, ("Opp'n," ECF No. 22). Defendant then filed a Reply in Support of its Motion, ("Reply," ECF No. 23). The Court vacated oral argument on this Motion and took the matter under submission pursuant to Civil Local Rule 7.1(d)(1). After considering the Parties' arguments and the law, the Court rules as follows.

## BACKGROUND

Plaintiff filed a Complaint against the United States, alleging he was seized and detained under 8 U.S.C. § 1226(c)(1)(B) and (C) on July 29, 2015. ("Compl," ECF No.

1.)¹ Plaintiff challenges this statute under "the U.S. Constitution, Bill of Rights, and under the Equal Protection Clause of the 14th [A]mendment." (*Id.* ¶ 1.) Plaintiff challenges the statute on two grounds: first because the statute authorizes the Attorney General to take into custody an alien and this "does not rise as probable cause to re-seize a person under the 4th [A]mendment." (*Id.* ¶ 2.) Second, if the seizing does rise to probable cause, Plaintiff argues this discriminates based on alienage. (*Id.*)

Plaintiff's first cause of action alleges a violation of his Fourth Amendment rights. His second cause of action is titled "Equal Protection Claim and Conflict of Interest." His third cause of action is brought under the Federal Tort Claims Act.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

---

¹ Plaintiff brought his Complaint along with two other pro se plaintiffs and also sought to represent a class of those similarly situated. (*See* ECF No. 6.) The Court dismissed the other two plaintiffs, denied the motion for class certification, and allowed Plaintiff Limpin to proceed with his claims. (ECF No. 7.

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.*

## ANALYSIS

Before proceeding to the merits of Defendant's Motion, the Court first addresses the exhibit attached to the Motion.

### I. Documents Provided by Defendant

Defendant has attached sixty pages of exhibits to its Motion to Dismiss. (ECF No. 15-2.) In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). Thus, in ruling on a motion to dismiss, the court can consider material that is subject to judicial notice under Rule 201 of the Federal Rules of Evidence. Fed. R. Evid. 201. Under Rule 201, the court can judicially notice "[o]fficial acts of the legislative, executive,

3

17-CV-1729-JLS (WVG)

and judicial departments of the United States," and "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." *Id*.

The Court therefore can consider certain material in analyzing the present Motion and will reference herein any exhibits of which it takes judicial notice.

## II.  8 U.S.C. § 1226(c)

Plaintiff states he was seized and arrested by an Immigration and Customs Enforcement ("ICE") agent pursuant to 8 U.S.C. § 1226(c)(1)(B) and (C). (Compl. ¶¶ 5, 14.) He challenges the statute "as applied," arguing it "does not rise to probable cause to re-seize a person." (*Id.* ¶ 28.)[2] He also argues the statute violates his right to equal protection.

### *A. Relevant Legal Authority*

The Department of Homeland Security is authorized to arrest and initially detain an alien who has entered the United States but is believed to be removable. 8 U.S.C. § 1226(a). The alien may be detained "pending a decision on whether the alien is to be removed," or federal officials may choose to release the alien on bond or conditional parole. 8 U.S.C § 1226(a)(1)–(2). Under § 1226(c), however, certain classes of aliens are subject to mandatory detention and may not, under the statute, be released on bond. *Jennings v. Rodriguez*, 138 S. Ct. 830, 837–38 (2018). Broadly speaking, aliens subject to mandatory detention include those who have committed certain crimes involving moral turpitude as defined by statute, controlled substance offenses, aggravated felonies, firearm offenses, or terrorist activities. *See* 8 U.S.C. § 1226(c)(1)(A)–(D). Section (c) states "the Attorney General shall take into custody [certain aliens pursuant to subsections (A) through (D)] when the alien is released." The Attorney General may release aliens in those categories "only if the Attorney General decides . . . that release of the alien from custody is

---

[2] The Court analyzes an "as-applied" challenge as compared to a facial challenge herein, *see infra* Section II.C.1.

4

necessary" for witness-protection purposes and "the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding." § 1226(c)(2).

The Supreme Court has upheld the constitutionality of § 1226(c)'s mandatory detention to lawful permanent resident aliens, concluding that Congress "may require that [removable aliens detained under § 1226(c)] be detained for the brief period necessary for their removal proceedings." *Denmore v. Kim*, 538 U.S. 510, 513 (2003). In general, "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Id.*

### B. Standing

Defendant first moves to dismiss Plaintiff's case for lack of standing because Plaintiff challenges 8 U.S.C. § 1226(c) but was not detained under this statute. (MTD 17 (citing *Preap v. Johnson*, 831 F.3d 1193, 1196–97 (9th Cir. 2016)).) In *Preap*, the Ninth Circuit analyzed the section of § 1226(c)(1) which states the Attorney General shall take into custody certain aliens "<u>when</u> the alien is released." 831 F.3d at 1206–07 (emphasis added). The court found "[t]he plain meaning of 'when . . . released' in this context suggests that apprehension must occur with a reasonable degree of immediacy." *Id.* This could occur "even if immigration authorities take a very short period of time to bring the alien into custody." *Id.* at 1207. Defendant argues because Plaintiff was not detained "immediately after his release from criminal detention," this proves he was not detained pursuant to § 1226(c).

Defendant's argument requires the Court to examine the timeline of events. On January 4, 2015, Plaintiff was arrested. (Compl. ¶11). On January 24, 2015, Plaintiff pled guilty to possession of methamphetamine for sale in violation of California Health and Safety Code § 11378(a). He was sentenced to 365 days in jail and 3 years of probation. But, Plaintiff was released on July 6, 2015 with mandatory supervision probation. (*Id.* ¶ 11.) Plaintiff was seized and arrested by an ICE agent on July 29, 2015. (*Id.* ¶ 14.)

Defendant has attached a warrant for this arrest.[3] The warrant was issued on July 29, 2015 and states Plaintiff is "within the country in violation of the immigration laws and is therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act." (ECF No. 15-2, at 35.) Plaintiff then received a *Preap* bond hearing on August 20, 2015. (*Id.* at 37.)[4]

Both Parties admit Plaintiff was not seized under the Immigration and Nationality Act until 23 days after his release, and received a bond hearing soon afterwards. Defendant argues these two facts show that Plaintiff was subject to a §1226(a) seizure, not a § 1226(c) seizure. (MTD 11, 17). "If individuals are not detained 'when [they are] released' from state custody, the Government may detain them pending removal proceedings pursuant to Section 1226(a), which requires that they be afforded a bond hearing." *Preap v. Johnson*, 303 F.R.D. 566, (N.D. Cal. 2014), *aff'd*, 831 F.3d 1193 (9th Cir. 2016). Plaintiff was not detained within a "very short period of time" of his release, *Preap*, 831 F.3d at 1207, and he was afforded a bond hearing. Therefore, Defendant argues Plaintiff could not have been seized pursuant to § 1226(c).

The Court is not convinced that because Plaintiff was seized 23 days after release from custody and was afforded a bond hearing, it surely follows that Plaintiff was seized pursuant to § 1226(a). In fact, the Immigration Judge's order states DHS charged Plaintiff with removability under section 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"). (ECF No. 15-2, at 6). This statute provides that an alien convicted of any law relating to a controlled substance is deportable. *See* INA § 237(a)(2)(B)(i); 8 U.S.C. § 1227(a)(2)(B)(i). An alien convicted of this crime is subject to mandatory detention. *See*

---

[3] The Court takes judicial notice of the arrest warrant. *See Ferguson v. United States*, No. 15cv1253, 2016 WL 4793180, at *3 (S.D. Cal. Sept. 14, 2016) (taking judicial notice of arrest warrant because it was a "matter[ ] of public record, and the parties d[id] not dispute [its] authenticity").

[4] The Court takes judicial notice of the Order of the Immigration Judge that provides this information, (ECF No. 15-2, at 37.) Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

8 U.S.C. § 1226(c). Given that Plaintiff was charged with removability under a statute listed under § 1226(c), this indicates Plaintiff was taken into custody pursuant to § 1226(c), as opposed to § 1226(a). Thus, Plaintiff has sufficiently alleged he has standing to challenge the constitutionality of his seizure under § 1226(c).[5]

### C. Fourth Amendment Claim

The Fourth Amendment protects against "unreasonable searches and seizures." U.S. CONST. amend. IV. Plaintiff claims he was seized/arrested and detained without probable cause and this violated his Fourth Amendment rights. (Compl. ¶ 3; Opp'n 9.) Defendant moves to dismiss this cause of action for failure to state a claim under Rule 12(b)(6). Defendant argues that probable cause of a crime is not required for the Attorney General to seize an alien under § 1226. (MTD 18.) Defendant argues that "the administrative warrant issued for Limpin's arrest by immigration officers did not require probable cause of a new crime, merely probable cause of his removability." (*Id.* at 18–19.)

#### *1. Challenge Under the Fourth Amendment: Facial and As-Applied*

"A facial challenge is an attack on a statute itself as opposed to a particular application." *City of Los Angeles v. Patel*, 135 S.Ct. 2443, 2449 (2015). Such challenges are "the most difficult . . . to mount successfully" because "the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). "[F]acial challenges under the Fourth Amendment are not categorically barred or especially disfavored." *City of Los Angeles*, 135 S.Ct. at 2449.

---

[5] Defendant also argues that Plaintiff was not detained at the time he filed his Complaint and therefore does not have standing to challenge the statute. (MTD 17.) "[I]n order to have standing and satisfy Article III's case or controversy requirement, a plaintiff must show he has suffered an injury in fact, that the injury is traceable to the challenged action of the defendant and that the injury can be redressed by a favorable decision." *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001). A plaintiff must show that "'he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct.'" *4805 Convoy, Inc. v. City of San Diego*, 183 F.3d 1108, 1111–12 (9th Cir. 1999). Plaintiff states he was seized pursuant to the statute and detained, thus, he has allegedly sustained an injury as a result of the statute, and has standing to challenge this action.

7

An "as-applied" challenge "contends that the law is unconstitutional as applied to the plaintiff's particular . . . activity, even though the law may be capable of valid application to others." *4805 Convoy Inc. v. City of San Diego*, 183 F.3d 1108, 1111 n.3 (9th Cir. 1999). As-applied challenges "do not look at the text, or face, of the statute, but rather argue that even if a law is valid on its face, it may nonetheless—as the name suggests—be unconstitutionally applied." *Does 1-134 v. Wasden*, No. 1:16-cv-429-DCN, 2018 WL 2275220, at *4 (D. Idaho May 17, 2018).

Here, Plaintiff states he challenges § 1226 "as applied." (Compl. ¶ 28.) However, it appears Plaintiff brings a facial challenge to § 1226. He is not arguing that the statute was unconstitutionally applied to him; he does not contest that he committed a crime involving controlled substances and was then seized by ICE pursuant to the statute. (*Id.* ¶ 3.) He instead argues that the statute is unconstitutional "for it does not rise as probable cause to re-seize a person under the 4th amendment." (*Id.* ¶ 2.) This challenges the statute on its face. *Contra Hoye v. City of Oakland*, 653 F.3d 835, 858 (9th Cir. 2011) (analyzing an "as applied" challenge when the plaintiff argued he was "involved in a different type of fact situation[ ] from the one[ ] on the basis of which the law was . . . upheld facially" (citation omitted)). Plaintiff does not argue he is involved in a different situation than that described in the statute. However, the Court will analyze the constitutionality of the statute as applied and also under Plaintiff's facial challenge.

*2. Analysis*

ICE is an agency within the Department of Homeland Security that is responsible for identifying, apprehending, and removing illegal aliens from the country. *See Arizona v. United States*, 567 U.S. 387, 397 (2012). The INA grants ICE the authority to arrest aliens and detain them prior to removal. *See* 8 U.S.C. §§ 1226, 1231, 1357. Specifically, the INA provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a).

Here, Plaintiff was seized after a warrant was issued because he had committed an offense under § 1227. (*See* ECF No. 15-2, at 35 (the arrest warrant states Plaintiff is "within the country in violation of the immigration laws and is therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act"). This administrative warrant has been sanctioned by Congress and the courts. In *Abel v United States*, the Supreme Court interpreted the INA in effect at the time and explained it gave "authority to the Attorney General or his delegate to arrest aliens pending deportation proceedings under an administrative warrant, not a judicial warrant within the scope of the Fourth Amendment." 362 U.S. 217, 232 (1960). There, as the New York District Director of the INS had issued petitioner's arrest warrant and the Director had sufficient reason to believe that the petitioner was deportable, the Court found that "[t]he arrest procedure . . . fully complied with the statute and regulations" at issue. *Id.* at 232–33. The Ninth Circuit has recognized that "deportation statutes going back to 1798 'have ordinarily authorized the arrest of deportable aliens by order of an executive official,' evidencing an 'overwhelming historical legislative recognition of the propriety of administrative arrest for deportable aliens.'" *Sherman v. U.S. Parole Comm'n*, 502 F.3d 869, 878 (9th Cir. 2007) (quoting *Abel*, 362 U.S. at 233). Thus, it is clear that the Supreme Court and the Ninth Circuit have approved the use of an administrative warrant under the INA for the arrest of a deportable alien.

Further, the detention of Plaintiff that followed his arrest is also constitutional. In *Denmore v. Kim*, the respondent was detained and argued that "his detention under § 1226(c) violated due process because the INS had made no determination that he posed either a danger to society or a flight risk." 538 U.S. 510, 514 (2003). In analyzing the claim, the Supreme Court approved the detention of criminal noncitizens for the brief period necessary to complete their removal proceedings, even without the government providing individualized determinations as to whether each presented a flight risk. *Id.* Further, in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231 (3d Cir. 2011), the Third Circuit concluded that § 1226(c) "implicitly authorizes detention for a reasonable amount of time,

after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community."

The Court finds that Plaintiff's Fourth Amendment rights were not violated by the seizure and detention. The statute, as applied to Plaintiff, is constitutional. Further, the statute is facially constitutional because Plaintiff has not demonstrated the statute is unconstitutional "in every conceivable application." *Members of the City Council of the City of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 796, 104 (1984). The Court **GRANTS** Defendant's Motion to Dismiss this claim.

### D. Equal Protection Claim

Plaintiff's second cause of action alleges 8 U.S.C. § 1226(c) violates the Equal Protection Clause because United States citizens are not "seized under the law for similar offenses" as aliens. (Compl. ¶ 47.) Defendant also moves to dismiss this claim for failure to state a claim.

To state a claim for violation of the equal protection, a plaintiff must allege that he was treated differently from other similarly situated persons. *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). Deportable aliens are not "similarly situated" to United States citizens. *Rendon-Inzunza v. United States*, No. 09cv1256-LAB, 2010 WL 3076271, at *1 (S.D. Cal. Aug. 6, 2010). The Supreme Court has held "[i]n the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 79–80 (1976). Specifically, the *Denmore* court noted "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process . . . [and] deportation proceedings 'would be vain if those accused could not be held in custody pending the inquiry into their true character.'" 538 U.S. at 523 (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)).

At the time of his seizure, Plaintiff was a deportable alien. Plaintiff's argument that he (and other deportable aliens) were treated differently than citizens under this statute therefore does not raise an equal protection violation.

### 1. Conflict of Interest Claim

Within his equal protection claim, Plaintiff raises a "conflict of interest" claim. In an attempt to avoid mis-reading this claim, the Court quotes it verbatim:

> There is a question of Conflict of Interest since the public law was enacted, 8 U.S.C § 1226(c)(l ) for private prisons (i.e. CoreCivic with the NYSE ticker symbol CXW) have a financial interest and are making billions of dollars in assets and revenues through the years at the expense of Named Plaintiffs and proposed class members who are persons that are lawful permanent residents and as well as everybody's tax money appropriations. Allegedly, it has become a prolific business but questionably corrupt for Congress used its power to regulate immigration with biased interest to seize discriminated persons as aliens to fill up a three-football sized stadium detention centers with enormous soccer fields as Real Estate Investment Trust assets of a private prison (i.e. Corecivic, Otay Mesa detention center) with special tax advantages which generally do not pay income taxes and dividends payouts worth $67 5 million in 2013. The strict scrutiny standard must be applied questioning biased government compelling interest.

(Compl. ¶ 48.) The Court is unable to analyze this unclear claim. It appears Plaintiff is arguing that the government is putting inmates in custody so that it can benefit financially from private prisons. (*See* Opp'n 18.) This assertion does not change the Court's determination that Plaintiff has failed to state an equal protection violation. The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's equal protection claim.

## III. Federal Tort Claims Act ("FTCA")

Plaintiff's third cause of action reiterates his argument that his seizure violated his constitutional rights, and provides "[i]f the defendant were a private person, it would be liable to [Plaintiff] in accordance with the laws of the state of California under the FTCA." (Compl. ¶ 51.) Plaintiff specifies that he brings an FTCA claim for the "wrongful act of 're-seizure' of plaintiffs' [sic] person on July 29, 2015." (Opp'n 5.)

"An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity." *Blackburn v. United States*, 100 F.3d 1426, 1429 (9th Cir. 1996) (citation omitted). The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity that allows plaintiffs to seek damages against the United States for certain torts committed by federal employees. 28 U.S.C. §§ 1346(b), 2674.

To the extent Plaintiff's claim amounts to a constitutional tort, it is not actionable under the FTCA. *See FDIC v. Meyer*, 510 U.S. 471, 478 (1994). The FTCA "provides a waiver of sovereign immunity for tortious acts of an agency's employees only if such torts committed in the employ of a private person would have given rise to liability under state law." *Pereira v. U.S. Postal Service*, 964 F.2d 873, 876 (9th Cir. 1992) (citing 28 U.S.C. § 1346(b) (1988)). "Constitutional torts are, by definition, founded on federal, not state law. Therefore, federal district courts have no jurisdiction over the United States where claims allege constitutional torts." *Id.* Because Plaintiff brings an FTCA claim alleging a constitutional tort, this Court lacks jurisdiction over his claim. The Court **GRANTS** Defendant's Motion to Dismiss this cause of action.

## CONCLUSION

The Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** Plaintiff's Complaint. The Court entertains serious doubts concerning Plaintiff's ability to cure the deficiencies in his Complaint. However, Plaintiff's Complaint is not entirely clear and concise, and Plaintiff is proceeding *pro se*. Therefore, the Court will allow him to amend his complaint if he so chooses. While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982)).

Plaintiff **MAY FILE** an amended complaint, if any, <u>on or before thirty (30) days from the date on which this Order is electronically docketed</u>. Plaintiff is cautioned that

should he choose to file a first amended complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim, against any and all defendant not re-alleged will be considered waived. *Failure to file an amended complaint within the time allotted may result in a dismissal of Plaintiff's case with prejudice.*

**IT IS SO ORDERED.**

Dated: July 9, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge