UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR KARL T. LIMPIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br>　　　　　　　　　　Defendant. | Case No.: 17-CV-1729 JLS (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND DISMISSING WITH PREJUDICE PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(ECF No. 27) |

Presently before the Court is Defendant United States of America's Motion to Dismiss for lack of subject matter jurisdiction ("Mot.," ECF No. 27). Defendant filed its Motion on August 22, 2018. *Id.* The Court vacated oral argument and took the matter under submission pursuant to Civil Local Rule 7.1(d)(1) on October 4, 2018. ECF 28. Plaintiff Melchor Karl T. Limpin has not filed an Opposition in the more than six months since Defendant filed its Motion,[1] although he did file a Notice of Change of Address on

---

[1] Civil Local Rule 7.1(e)(2) requires "each party opposing a motion" to file its opposition and serve the movant at least fourteen days before the noticed hearing date. Civil Local Rule 7.1(f)(3)(c) provides that, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Consequently, by virtue of Civil Local Rule 7.1(f)(3)(c), Mr. Limpin has consented to dismissal of his First Amended Complaint. *See United States v. Warren*, 601 F.2d 471, 473 (9th Cir. 1979) (upholding

1

November 13, 2018. ECF No. 29. Having considered Defendant's arguments and the law, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

Mr. Limpin alleges he was seized and detained under 8 U.S.C. §§ 1226(c)(1)(B) and (C) on July 29, 2015. ECF No. 26 ("FAC") ¶ 1. By Order filed July 9, 2018, the Court granted Defendants' motion to dismiss Mr. Limpin's original Complaint. ECF 25. The Court concluded that: (1) Mr. Limpin's Fourth Amendment rights were not violated by the seizure and detention by Immigration and Customs Enforcement ("ICE"), *id.* at 8–10; (2) Mr. Limpin did not raise an equal protection violation because he was treated the same as similarly situated persons under 8 U.S.C. § 1226(c), *id.* at 11; and (3) the Court lacked jurisdiction over Mr. Limpin's Federal Tort Claims Act ("FTCA") claim alleging a constitutional tort. *Id.* at 12. The Court dismissed Mr. Limpin's Complaint but, given his *pro se* status, granted Mr. Limpin leave to amend. *Id.*

Mr. Limpin filed his First Amended Complaint against the United States on August 8, 2018. FAC ¶ 1. In his FAC, Mr. Limpin alleges the seizure and detention by ICE agents was "unconstitutional tortious wrongful acts of violations of the Fourth [A]mendment, Tort of false imprisonment, Rights of Privacy, and Fourteenth [A]mendment . . . and negligence for breaching their legal duty of care." *Id.* ¶ 2. Although not entirely clear, the Court construes Mr. Limpin's First Amended Complaint to contain four causes of action: (1) Fourth Amendment violations and tort of false imprisonment, *id.* ¶¶ 108–11; (2) negligent infliction of emotional distress, *id.* ¶¶ 112–19; (3) right to privacy, *id.* ¶¶ 115–19; and (4) equal protection. *Id.* ¶¶ 120–25. Mr. Limpin claims this Court has subject matter jurisdiction pursuant to the Federal Tort Claims Act. *Id.* ¶ 26.

///

///

---

dismissal of indictments pursuant to a district court local rule stating that failure to timely oppose motions is deemed consent to the motion). In light of Mr. Limpin's *pro se* status, however, the Court addresses Defendant's arguments on the merits.

# LEGAL STANDARD

Federal courts are courts of limited jurisdiction and, as such, have an obligation to dismiss claims for which they lack subject matter jurisdiction. *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). Although "a document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "[t]he party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008)).

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In evaluating such a challenge, the court accepts the factual allegations in the complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). In contrast, where the defendant challenges the factual basis underlying the allegations, the court need not accept the allegations as true and may instead make factual determinations. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill Publ'g Co. v. Gen. Tel. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). When making such a ruling, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *White*, 227 F.3d at 1242).

/ / /

/ / /

# ANALYSIS

The United States moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) on two grounds: (1) Mr. Limpin's claims are precluded by 8 U.S.C. § 1252(g), *see* Mot. 2–6; and (2) Mr. Limpin's constitutional tort claims are not actionable against the United States. *See id.* at 6–7.

## I. Preclusion Under 8 U.S.C. § 1253(g)

First, the United States argues Mr. Limpin's claims are precluded by 8 U.S.C. § 1252(g). *See* Mot. at 2–6.

Jurisdiction-stripping provisions such as Section 1252(g) are disfavored, considering "the strong presumption in favor of judicial review of administrative action." *INS v. St. Cyr*, 533 U.S. 289, 298 (2001). The Supreme Court has emphasized that courts should ask "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). The Ninth Circuit has likewise "stressed the importance of alternative remedies in precluding a damages action." *Sissoko v. Rocha*, 509 F.3d 947, 950 (9th Cir. 2007); *see also Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 945 (5th Cir. 1999) ("Aliens wishing to raise [constitutional] challenges in the future should do so either in a petition for review or for habeas corpus.").

For Section 1252(g) to bar jurisdiction, this Court must find both that Mr. Limpin is an "alien" for purposes of the Immigration and Nationality Act ("INA") and that Mr. Limpin's claims fall into one of the three discrete actions that the Attorney General may take under the statute. *See* 8 U.S.C. § 1252(g).

First, the Court has found previously that, at the time of his seizure, Mr. Limpin was a deportable alien for the purposes of the INA. *See* ECF 25 at 11.

Second Mr. Limpin's claim "aris[es] from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." *See* 8 U.S.C. §1252(g). The Supreme Court has held that Section 1252(g) does not "cover[] the universe of deportation claims," but rather "applies to only three discrete actions that the

Attorney General may take: [his or] her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) ("*AADC*") (emphasis in original); *see also United States v. Hovsepian*, 359 F.3d 1144, (9th Cir. 2004) (en banc) ("[F]ollow[ing] the [Supreme] Court's instruction[, courts are] to interpret § 1252(g) narrowly."). The Ninth Circuit has held a Fourth Amendment challenge to confinement during removal proceedings falls under Section 1252(g) because it "directly challenges" the Attorney General's "decision to commence expedited removal proceedings." *Sissoko*, 509 F.3d at 950; *see also MacDonald v. United States*, No. 11-CV-1088-IEG BLM, 2011 WL 6783327, at *6 (S.D. Cal. Dec. 23, 2011) (finding Fourth Amendment claim challenging arrest and incarceration falls squarely within Section 1252(g) because it challenges the Attorney General's decision to commence removal proceedings).

Here, Mr. Limpin's seizure and detention arose from the Attorney General's decision to commence removal proceedings. Mr. Limpin states he was seized and arrested by an ICE agent pursuant to 8 U.S.C. §§ 1226(c)(1)(B) and (C).[2] FAC ¶¶ 5, 14; *see also* ECF No. 15-2 at 33 (arrest warrant stating Mr. Limpin is "within the country in violation of the immigration laws and is therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act"). Although Mr. Limpin claims he was "seized under deficient affidavits," FAC ¶ 38, he was not without remedy: Mr. Limpin could have filed a petition for a writ of habeas corpus under 8 U.S.C. § 1252(e)(2) asserting his Fourth Amendment-based claim for false arrest. *See Sissoko*, 509 F.3d at 950–51.

Because Mr. Limpin is an alien for the purposes of the INA and his claims arise directly from the Attorney General's decision to commence removal proceedings, his claims fall squarely within Section 1252(g), which strips this Court of jurisdiction.

---

[2] For purposes of its present Motion, Defendant does not dispute Mr. Limpin was detained under this provision. Mot. 1–2. Likewise, the Court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

Consequently, the Court **GRANTS** Defendant's Motion and **DISMISSES** Mr. Limpin's Fourth Amendment claim.

II. **Federal Tort Claims Act ("FTCA")**

Second, the United States argues that, "[a]part from the preclusive effect of 8 U.S.C. § 1252(g)[,] . . . constitutional claims for money damages are not actionable against the United States." Mot. 6.

"An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity." *Blackburn v. United States*, 100 F.3d 1426, 1429 (9th Cir. 1996) (citation omitted). The FTCA is a limited waiver of sovereign immunity that allows plaintiffs to seek damages against the United States for certain torts committed by federal employees. 28 U.S.C. §§ 1346(b), 2674. The FTCA "provides a waiver of sovereign immunity for tortious acts of an agency's employees only if such torts committed in the employ of a private person would have given rise to liability under state law." *Pereira v. U.S. Postal Serv.*, 964 F.2d 873, 876 (9th Cir. 1992) (citing 28 U.S.C. § 1346(b) (1988)). "Constitutional torts are, by definition, founded on federal, not state law. Therefore, federal district courts have no jurisdiction over the United States where claims allege constitutional torts." *Id.*

Mr. Limpin argues that his seizure violated his constitutional rights and the FTCA "confers liability to the defendant[ as] a private person." FAC ¶ 6. The deficiencies that previously led this Court to dismiss Mr. Limpin's FTCA claim alleging a constitutional tort, *see* ECF No. 25 at 12, still exist in his First Amended Complaint. Consequently, to the extent Mr. Limpin's claim amounts to a constitutional tort, it is not actionable under the FTCA and this Court lacks jurisdiction over his claim. *See FDIC v. Meyer*, 510 U.S. 471, 478 (1994). The Court therefore **GRANTS** Defendant's Motion and **DISMISSES** this cause of action.

/ / /

/ / /

/ / /

## CONCLUSION

In light of the foregoing, the Court **GRANTS** the United States' Motion to Dismiss and **DISMISSES WITH PREJUDICE** Mr. Limpin's First Amended Complaint. This Order concludes the litigation in this matter. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: March 25, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge