UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR KARL T. LIMPIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Defendant. | Case No.: 17-CV-1729 JLS (WVG)<br><br>**ORDER DENYING (1) PLAINTIFF'S MOTION FOR COURT'S LEAVE TO AMEND THE ORIGINAL AND FIRST AMENDED COMPLAINT AND (2) PLAINTIFF'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B)(6)**<br><br>(ECF Nos. 41, 46) |

　　　　Presently before the Court are Plaintiff Melchor Karl T. Limpin's Motion for Court's Leave to Amend the Original and First Amended Complaint ("Mot. to Amend," ECF No. 41) and Motion Under Federal Rule of Civil Procedure 60(b)(6) ("Mot. for Relief," ECF No. 46). Defendant the United States of America ("Defendant") has opposed both Motions ("Amend Opp'n," ECF No. 44; "Relief Opp'n," ECF No. 49), and Plaintiff has filed replies in support of each Motion ("Amend Reply," ECF No. 45; "Relief Reply," ECF No. 50). The Court took both Motions under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF Nos. 43, 48. Having considered the Parties' arguments and the law, the Court **DENIES** Plaintiff's Motions, for the reasons that follow.

# BACKGROUND

## I. The Instant Action

Plaintiff commenced this action on August 28, 2017. *See* ECF No. 1. He alleges he was seized and detained under 8 U.S.C. §§ 1226(c)(1)(B) and (C) on July 29, 2015. *See* ECF No. 26 ("FAC") ¶ 1. By Order filed July 9, 2018, the Court granted a motion to dismiss Plaintiff's original Complaint. *See* ECF No. 25. The Court concluded that: (1) Plaintiff's Fourth Amendment rights were not violated by his seizure and detention by Immigration and Customs Enforcement ("ICE"), *id.* at 8–10; (2) Plaintiff did not raise an equal protection violation because he was treated the same as similarly situated persons under 8 U.S.C. § 1226(c), *id.* at 11; and (3) the Court lacked jurisdiction over Plaintiff's Federal Tort Claims Act ("FTCA") claim alleging a constitutional tort. *Id.* at 12. The Court dismissed Plaintiff's Complaint but, given his *pro se* status, granted him leave to amend. *Id.*

On August 8, 2018, Plaintiff filed his First Amended Complaint ("FAC") against Defendant. FAC ¶ 1. The Court liberally construed Plaintiff's FAC as containing four causes of action for: (1) Fourth Amendment violations and the tort of false imprisonment, *id.* ¶¶ 108–11; (2) negligent infliction of emotional distress, *id.* ¶¶ 112–19; (3) violation of his right to privacy, *id.* ¶¶ 115–19; and (4) equal protection violations, *id.* ¶¶ 120–25. The FAC claimed this Court had subject-matter jurisdiction pursuant to the FTCA. *Id.* ¶ 26. Defendant again moved to dismiss, arguing that this Court lacked subject-matter jurisdiction. *See* ECF No. 27. Although Plaintiff failed to oppose, the Court considered the motion on the merits and determined that the Court lacked subject-matter jurisdiction over Plaintiff's suit. *See* ECF No. 30 (the "Order"). On March 25, 2019, the Court dismissed Plaintiff's FAC with prejudice, *see id.*, and a Clerk's Judgment to that effect was entered, *see* ECF No. 31.

On April 3, 2019, Plaintiff filed a Notice of Appeal. *See* ECF No. 32. On October 30, 2020, the United States Court of Appeals for the Ninth Circuit, following de novo review, affirmed this Court's Order in a memorandum decision. *See* ECF No. 40. The

Mandate was entered February 12, 2021. *See id.*[1] More than a year later, on March 8, 2022, Plaintiff filed his Motion to Amend. *See* ECF No. 41. In response to Defendant's opposition thereto, Plaintiff also filed his Motion for Relief. *See* ECF No. 46.

## II. Parallel Actions

Meanwhile, on September 16, 2016, Plaintiff filed a separate *Bivens* action in this District arising out of his July 2015 arrest. *See generally Limpin v. McSeveney*, Case No. 16-CV-2351 AJB (BLM). That case was dismissed on August 12, 2020. *See id.*, ECF No. 40. Plaintiff appealed, *see id.*, ECF No. 41, and on October 12, 2021, the Ninth Circuit affirmed the dismissal in a memorandum opinion, *see id.*, ECF No. 47. Thereafter, Plaintiff filed a constitutional challenge, a motion for reconsideration, and a motion to amend. *See id.*, ECF Nos. 48–50. Those documents were ordered stricken. *See id.*, ECF No. 51. Thereafter, Plaintiff filed a Second Amended Complaint, which also was stricken. *See id.*, ECF Nos. 52, 54. Further, the Ninth Circuit denied a petition for panel rehearing and rehearing en banc and a motion to recall the mandate. *See id.*, ECF Nos. 46, 53.

On June 9, 2016, Plaintiff filed a petition for writ of habeas corpus stemming from his detention following the July 2015 arrest. *See Limpin v. Figueroa*, Case No. 16-CV-1438 AJB (BLM), ECF No. 1. On August 4, 2017, the petition was denied, the case was ordered closed, and judgment issued to that effect. *See id.*, ECF Nos. 11–12. Plaintiff's appeal to the Ninth Circuit was dismissed. *See id.*, ECF No. 19.

## LEGAL STANDARDS

### I. Amendment of Pleadings (Federal Rule of Civil Procedure 15)

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his pleading "once as a matter of course" within specified time limits. Otherwise, a plaintiff

/ / /

---

[1] Plaintiff claims that he has a "pending motion for reconsideration for rehearing en banc" in his appeal. *See* Mot. for Relief at 3. However, a review of the docket for Plaintiff's appeal indicates otherwise, as the docket entry for his motion contains the following notation: "Deficiencies: Mandate issued, no further filings per 02/04/2021 order. Served on 02/10/2021. (Sent appellant copy of 02/04/2021 order and docket sheet.)" *See Limpin v. United States of America*, No. 19-55369 (9th Cir.), ECF No. 34.

may only amend his complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982), *rev'd on other grounds*, 459 U.S. 810 (1982)). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The non-moving party bears the burden of showing why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

## II.     Relief from Judgment (Federal Rule of Civil Procedure 60)

Pursuant to Federal Rule of Civil Procedure 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Motions for reason (1) must be made "no more than a year after the entry of the judgment," and a motion for reason (6) "must be made within a reasonable time." *Id.* 60(c)(1).

As to Rule 60(b)(1), "the determination of whether neglect is excusable is an equitable one that depends on at least four factors," including, but not limited to, "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The Ninth Circuit has held that "[i]t is established that clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason

1  other than the five reasons preceding it under the rule." *Corex Corp. v. United States*, 638
2  F.2d 119, 121 (9th Cir. 1981), *overruled on other grounds by Falk v. Allen*, 739 F.2d 461
3  (per curiam). "A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury
4  and circumstances beyond his control that prevented him from proceeding with the action
5  in a proper fashion.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting
6  *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). Thus,
7  Rule 60(b)(6) should be "used sparingly as an equitable remedy to prevent manifest
8  injustice and is to be utilized only where extraordinary circumstances prevented a party
9  from taking timely action to prevent or correct an erroneous judgment." *Id.* (quoting
10 *Latshaw*, 452 F.3d at 1103).

## ANALYSIS

In his Motion to Amend, Plaintiff seeks to file a Second Amended Complaint in this closed action that adds new bases for jurisdiction, new claims, and a new defendant. *See generally* Mot. to Amend. The Court notes that the "three substantial questions of law or Constitutional challenges to a Statute" Plaintiff raises are substantively of significant similarity to the "Constitutional Challenge" filed in *McSeveney* on February 8, 2022. *Compare* Mot. to Amend at 3–5, *with* Case No. 16-CV-2351 AJB (BLM), ECF No. 48. In opposing the Motion to Amend, Defendant argues that Plaintiff cannot move to amend without first reopening final judgment. Amend Opp'n at 4–5 (citing *Lindauer v. Rogers*, 91 F.3d 1355, 1356 (9th Cir. 1996)). Plaintiff responds that the prior order of dismissal was not a final judgment. Amend Reply at 2–6. The Court notes, however, that judgment *was* entered in this matter. *See* ECF No. 31. And, despite Plaintiff's arguments to the contrary, a dismissal of a complaint with prejudice or without leave to amend is a final judgment on the merits. *See, e.g.*, *Jacobson v. Contra Costa Cnty.*, No. C 19-01716 WHA, 2019 WL 3555208, at *2 (N.D. Cal. Aug. 5, 2019) ("An order that dismisses a complaint with prejudice or without leave to amend is considered a final judgment on the merits.") (citing *Nnachi v. City of San Francisco*, No. C 10-00714-MEJ, 2010 WL 3398545, at *1

28 / / /

(N.D. Cal. Aug. 27, 2010)). Accordingly, the Court **DENIES** the Motion to Amend to the extent it relies on Plaintiff's belief that a final judgment was not entered in this case.

In response to Defendant's Opposition to the Motion to Amend, however, Plaintiff also filed the instant Motion for Relief. *See generally* Mot. for Relief. Plaintiff claims that relief from judgment is warranted here "because the deficiencies of the First Amended Complaint that resulted to a dismissal can be cured by an amendment." Mot. for Relief at 3. Plaintiff further argues that his motion was filed within a reasonable time "because of 'extraordinary circumstances,' where after the Ninth Circuit issued a mandate on 02/12/2021 (Docket Entry No. 40), a subsequent and pending motion for reconsideration for rehearing en banc was timely filed, docketed and a copy served to the other party's attorney of record . . . . However, Plaintiff can no longer wait for a disposition on that motion." *Id.* Plaintiff claims that "there is no lack of due diligence to prosecute and if there is a delay in filing this motion, it would not be unreasonable." *Id.*

Defendant opposes, arguing that Plaintiff's request to add additional jurisdictional bases and parties "falls under Fed. R. Civ. P. 60(b)(1) for 'inadvertence' and/or 'excusable neglect' and not under 60(b)(6)." Relief Opp'n at 4. Because the Motion for Relief was filed more than one year after entry of judgment in this matter, it is untimely. *Id.* (citing *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989)). Even if Rule 60(b)(6) applied, Defendant claims that "Plaintiff's motion fails on the merits, because a desire to relitigate claims or to add claims or parties that could have been previously litigated is not a valid basis for reopening." *Id.* at 6 (citation omitted). Plaintiff has fully litigated the claims arising out of his 2015 arrest by ICE in this action, the Ninth Circuit, the parallel *Bivens* action before Judge Battaglia, and his habeas petition. *Id.* at 6–7. Plaintiff is barred by the law of the case and preclusion from relitigating or recasting his claims at this juncture. *Id.* at 7–8.

In reply, Plaintiff claims that this Court has the power sua sponte to reconsider and revise its prior rulings where there is a "'showing' of clear error," which is the case here "because the Court can have or does have 'jurisdiction.'" Relief Reply at 2. Plaintiff

further argues that the law of the case does not limit this Court's ability to revisit the prior ruling because of the Court's supposed "clear error." *Id.* at 3.

The Court agrees with Defendant that Plaintiff's Motion for Relief fails on multiple levels. First, the Motion for Relief is untimely. The Court agrees with Defendant that the grounds raised by Plaintiff appear to fit within the category of inadvertence or neglect, given that additional or different jurisdictional bases, claims, and parties are matters that could have been raised, but were not, in Plaintiff's earlier pleadings. Accordingly, the deadline for Plaintiff to file a motion for relief was one year from the entry of this Court's judgment—i.e., March 25, 2020, more than two years before the instant Motion was, in fact, filed. *See* Fed. R. Civ. P. 60(c)(1); *Nevitt*, 886 F.2d at 1188. Notably, the one-year deadline is not tolled during a pending appeal. *See Nevitt*, 886 F.2d at 1188. To the extent that Rule 60(b)(6) is the proper vehicle for raising Plaintiff's arguments, the Court finds that Plaintiff failed to file his motion within a "reasonable time." Parties can file Rule 60(b) motions during the pendency of an appeal, as evidenced by the addition of Federal Rule of Civil Procedure 62.1 in 2009 to address the very issue of how to handle motions for relief during a pending appeal. *See generally* Fed. R. Civ. P. 62.1. Thus, Plaintiff has provided no satisfactory reason for waiting approximately three years after the entry of judgment to file the instant Motion for Relief.

Second, the Motion for Relief fails upon consideration of its substance. Most importantly, to the extent Plaintiff claims that this Court does, in fact, have jurisdiction over his claims, that argument is foreclosed by the Ninth Circuit's issuance of its mandate affirming, following de novo review, this Court's dismissal for lack of subject-matter jurisdiction. *See, e.g., Jaffe v. Yaffe*, 385 F. App'x 668 (9th Cir. 2010). But even overlooking this bar to granting Plaintiff the relief he seeks, the Court finds Plaintiff is entitled to relief under neither Rule 60(b)(1) nor Rule 60(b)(6). To the extent the Motion for Relief is properly brought under Rule 60(b)(1), the *Pioneer* factors do not weigh in Plaintiff's favor. Defendant would be significantly prejudiced by reopening a case that has been closed for more than three years. Such an inexcusable delay is significant and would

have an undeniable impact on the proceedings. Further, that Plaintiff already attempted to revitalize his claims in the parallel *McSeveney* matter, and only sought leave to amend his complaint in this Court after being rebuffed, strongly suggests he is not seeking to reopen this case in good faith. Accordingly, because none of the *Pioneer* factors favor relief, the Court finds it inappropriate to grant Plaintiff's Motion for Relief to the extent it is brought under Rule 60(b)(1). To the extent the Motion for Relief is brought pursuant to Rule 60(b)(6), again, Plaintiff has not presented "extraordinary circumstances" that prevented him from taking timely action. Plaintiff could have filed his request during the pendency of his appeal. He did not. In fact, he waited more than a year after issuance of the mandate affirming this Court's decision to file the instant Motion. Thus, the Court finds that Plaintiff also fails to establish entitlement to the extraordinary relief provided for by Rule 60(b)(6).

Finally, because the Court finds it inappropriate to reopen this case pursuant to Rule 60, the Court cannot entertain Plaintiff's Motion to Amend. *See Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) ("[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 50 or 60.").

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion to Amend (ECF No. 41) and Motion for Relief (ECF No. 46). No further filings will be entertained in this closed case.

**IT IS SO ORDERED.**

Dated: July 18, 2022

Hon. Janis L. Sammartino
United States District Judge